UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
CHAIM CIPER
on behalf of himself and
all other similarly situated consumers

                                    Plaintiff,

              -against-


UNITED COLLECTION BUREAU, INC.

                                    Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### Introduction

1.   Plaintiff Chaim Ciper seeks redress for the illegal practices of United Collection Bureau,

     Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices

     Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### Parties

2.   Plaintiff is a citizen of the State of New York who resides within this District.

3.   Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in

     that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.   Upon information and belief, Defendant's principal place of business is located in

     Toledo, Ohio.

5.   Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by

     consumers.

6.   Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §

     1692(a)(6).

*Jurisdiction and Venue*

7.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Chaim Ciper*

9.     Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.    On or about December 7, 2015 and January 12, 2016, Defendant sent the Plaintiff collection letters seeking to collect a balance allegedly incurred for personal purposes.

11.    The said December 7, 2015 letter represented various settlement opportunities, including one of $317.36, to be "received by December 17, 2015."

12.    The said January 12, 2016 letter also represented various settlement opportunities including one of $264.47, to be "received by January 22, 2016."

13.    Defendant made such statements in the said letters in order to create a sense of urgency in Plaintiff and make him think that he was under a deadline to pay the debt.

14.    Defendant's letters are misleading and deceptive in that its statements imply a time deadline.

15.    Upon information and belief, there was no time deadline; rather, Defendant made these statements solely to create a false sense of urgency by the Plaintiff.

16.    The fact that the subsequent January 12, 2016 letter contained significantly lower settlement offers to the previous December 7, 2015 letter, in itself proves that the time deadlines to pay the various settlement offers were illusory and arbitrary.

17. The Defendant made known from its January 12, 2016 letter that it could in fact provide the Plaintiff with superior settlement offers to its preceding ones, even after the time-deadlines for the settlement payments passed on the initial letters.

18. At all times herein, Defendant's written communications to Plaintiff were false, deceptive, and misleading.

19. Defendant violated 15 U.S.C. § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt.

20. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

21. Defendant violated 15 U.S.C. § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt.

22. Section 1692d provides that a debt collector "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." See 15 U.S.C. §1692d. The proper legal standard under § 1692d takes into consideration the fact that "[w]hether a consumer is more or less likely to be harassed, oppressed, or abused by certain debt collection practices does not relate solely to the consumer's relative sophistication." Courts instead use a standard analogous to the least sophisticated consumer standard, which requires "claims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse."

23. Sections 1692e and 1692e(10) prohibit the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a

consumer. This general prohibition is intended to cover the deceptive collection acts and practices that do not fit the specific prohibitions given in the subsections of this section, as it would be impossible for Congress to foresee and list every type of deceptive collection misbehavior.

24.     In the context of settlement letters, many courts have held that settlement letters can be a positive for both debt collectors and consumers. Nevertheless, in keeping with the statutory requirements, collection agencies may not be deceitful in the presentation of the settlement offer.[1] In *Goswami*, the Fifth Circuit was presented with a letter from the defendant that stated that it could offer the plaintiff a 30% discount as long as it responded within the next 30 days, even though the defendant had authority to offer the discount for longer than the 30 days. Id. In reversing the district court's grant of summary judgment in favor of the defendant, the Fifth Circuit held that:

> While we agree it is important to permit collection agencies to offer settlement, that policy consideration does not remove collection agencies' obligation under the FDCPA to deal in a non- deceitful manner. A collection agency may offer a settlement; however, it may not be deceitful in the presentation of that settlement offer, as [defendant] was in this case...[The defendant's] deception is actionable under the FDCPA and is not excused because it is part of a debt collector's settlement offer.

Id. at 495-95. Referring to the actual letter at issue in *Goswami*, the court determined that for the following reasons, the defendant's letter was a violation of the FDCPA:

> The statement in the collection letter is untrue and makes it appear that [the original creditor's] offer of a 30% discount was a one-time, take-it-or-leave-it offer that would expire in thirty days. The obvious purpose of the statement was to push [the

---

[1] Campuzano-Burgos v. Midland Credit Management, Inc., 550 F.3d 294, 299 (3d Cir. 2008) citing Goswami v. Am. Collections Enter., 377 F.3d 488, 496 (5th Cir.2004)).

plaintiff] to make a rapid payment to take advantage of the
purported limited time offer.

25.     Defendant's use of an illusory and arbitrary deadline was meant to deceive the Plaintiff

        to make a prompt payment.

26.     Defendant claimed that its settlement offer in the said letters was strictly contingent

        upon payment being received in the amount stated above by the due date stated, but

        upon information and belief, Defendant's time deadline is artificial. The Defendant

        intended to give the false impression that if the consumer does not pay the settlement

        offer by the deadline, then the consumer will have no further chance to settle their debt

        for less than the full amount.

27.     Upon information and belief, the original creditor did not put any limitations on the time

        within which Plaintiff could accept an offer.[2]

28.     The inclusion of a deadline in a settlement offer itself does not violate the FDCPA.

        However, in order to act consistently with 1692e, the debt collector "may not be

        deceitful in the presentation of the settlement offer."[3]

29.     Where a debt collection letter contains an offer to settle by a specified date and makes it

        appear therein that such offer is a "one-time, take-it-or-leave-it offer", when in fact the

        debt holder is prepared to make other offers after the expiration date, the letter contains a

        false statement in violation of the FDCPA.[4]  A letter that leaves a consumer with such a

        false impression violates 1692e because an unsophisticated consumer may think that if

        they don't pay by the deadline, they will have no further chance to settle their debt for

---

[2] See DeGeorge v. Fin. Recovery Servs., 2012 U.S. Dist. LEXIS 140966, 19-20 (E.D. Pa. Sept. 27, 2012). (Stating "while the safe harbor language may ensure that the consumer will not perceive these letters as one-time offers, plaintiff alleges that the 35-day deadlines in the letters did not exist at all. Therefore, whether the least sophisticated consumer would perceive the [collection] letters as "one-time, take-it-or-leave-it" offers or as potentially renewable offers, each letter still contained false and misleading information because, as alleged by plaintiff, no deadline existed at all.)
[3] Campuzano, 550 F.3d at 299 (quoting Goswami v. Am. Collections Enter., 377 F.3d 488, 496 (5th Cir. 2004).
[4] Dupuy v. Weltman, Weinberg & Reis Co., 442 F.Supp.2d 822, 828 (N.D.Cal. 2006); [19] see also Goswami, 377 F.3d at 496.

less than the full amount.[5]

30.     Section 1692f of the FDCPA provides that a debt collector may not use "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. Section 1692f then goes on to enumerate eight particular practices which are unfair or unconscionable. However, § 1692f is not limited by this list of eight practices, and prohibits all unfair or unconscionable conduct on the part of a debt collector.[6]

31.     A claim under FDCPA provision prohibiting debt collector from "using unfair or unconscionable means to collect or attempt to collect any debt" should be viewed through lens of the "least-sophisticated consumer."

32.     The clear intention of the said letters are to pressure the Plaintiff to come up with money before the illusory misleading deadline runs out.

33.     Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letters to the Plaintiff.

34.     The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

35.     The said letters are standardized form letters.

36.     Defendant's letters are in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f

---

[5] See DeGeorge v. Fin. Recovery Servs., 2012 U.S. Dist. LEXIS 140966, 19 (E.D. Pa. Sept. 27, 2012). (The court stated "In *Evory* … [T]he Seventh Circuit held that if a collection letter contained the language, "We are not obligated to renew this offer", an unsophisticated consumer would not be misled because "even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured… The safe harbor language in *Evory* did not authorize debt collectors to present deadlines in collection letters that were in fact non-existent. Therefore, I conclude that plaintiff's allegations that the collection letters included false deadlines — even if those deadlines were presented as renewable offers — is sufficient to state a claim under 1692e" The court noted "Moreover, I conclude that misrepresentations concerning deadlines in a collection letter constitute material misrepresentations. Therefore, plaintiff has stated a claim under 1692e even if non-material, false representations do not violate the FDCPA.")

[6] Reed v. Pinnacle Credit Services, LLC, 2009 WL 2461852 (E.D. Pa. Aug. 11, 2009). ("The list of § 1692f violations found in the subsections are non-exhaustive.") (Internal citations and quotations omitted)

for engaging in deceptive, misleading, and unfair practices.

37. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

38. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

39. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

40. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

41. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

42. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

43. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

44. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

45. As an actual and proximate result of the acts and omissions of United Collection Bureau,

Inc., Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

46.   Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty five (45) as if set forth fully in this cause of action.

47.   This cause of action is brought on behalf of Plaintiff and the members of a class.

48.   The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letters as the letters sent to the Plaintiff on or about December 7, 2015 and January 12, 2016; and (a) the collection letters were sent to a consumer seeking payment of a personal debt purportedly owed to Chase Bank USA, N.A.; and (b) the collection letters were not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letters contained violations of 15 U.S.C. §§ 1692d, 1692e 1692e(10), and 1692f for engaging in deceptive, misleading, and unfair practices.

49.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

A.   Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

B.   There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The

principal question presented by this claim is whether the Defendant violated the FDCPA.

C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

50.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

51.     If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

52.     Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

53.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

54.     Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

(a)     Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
November 30, 2016


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com


Plaintiff requests trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

UNITED COLLECTION BUREAU, INC.
5620 SOUTHWYCK BLVD SUITE 206
TOLEDO OH 43614
www.ucbinc.com

Toll Free: 1-800-210-0453

CHAIM CIPER
1565 45TH ST
BROOKLYN NY 11219-1629

| | |
|---|---|
| Current Creditor: | Chase Bank USA, N.A. |
| Last Four Digits of Creditor Account Number: | 7718 |
| United Collection Bureau, Inc. Reference Number: | 68 |
| Current Account Balance: | $587.71 |

Dear CHAIM CIPER:

The above referenced debt has been placed with our office by Chase Bank USA, N.A. for collection. The full balance is due. However, in the event you meet the terms of one of the three offers below, on behalf of Chase Bank USA, N.A., United Collection Bureau, Inc. will accept a settlement for the account for less than the amount you owe.

1.    Settlement Offer Number 4450230  - Single Payment Offer.
       Total Settlement Amount $317.36.

United Collection Bureau, Inc. will accept the settlement amount stated for Settlement Offer Number 4450230 in the event that payment for the full settlement amount of $317.36 is received by December 17, 2015. This settlement offer will save you the sum of $270.35. We are not obligated to renew this offer.

2.    Settlement Offer Number 4450231 - Multiple Payment Offer Over two months.
       Total Settlement Amount $334.99.

United Collection Bureau, Inc. will accept the settlement amount stated for Settlement Offer Number 4450231 in the event that you pay $167.49 by the 17th of this month, and pay one additional payment of $167.50 by the 17th calendar day of next month. This settlement offer will save you the sum of $252.72. We are not obligated to renew this offer.

3.    Settlement Offer Number 4450232  - Multiple Payment Offer Over eighteen months.
       Total Settlement Amount $352.63.

United Collection Bureau, Inc. will accept the settlement amount stated for Settlement Offer Number 4450232 in the event you pay $19.60 by the 17th of this month, and pay seventeen additional payments of $19.59 by the 17th calendar day of each of the next seventeen months. This settlement offer will save you the sum of $235.08. We are not obligated to renew this offer.

If you wish to accept any of these offers, please contact our office to establish a payment method and date, or dates, or mail a copy of this letter together with your payment, or payments, to the below payment address. If you choose to mail your payment or payments, please ensure you write the 7 digit settlement offer number for the offer you have chosen and your reference number, 68, on the memo line of your payment instrument or instruments. You may pay any offered settlement on an accelerated basis. All offers are contingent upon clearance of funds.

In the event that you are unable to accept any of these offers, we encourage you to contact our office to establish a payment arrangement toward the full balance of the account. Thank you for your cooperation and prompt attention to this matter.

To make an easy one-time payment online, please go to: www.ucbinc.com, click on 'Make a Payment,' and follow the prompts.

Please contact the undersigned with respect to any questions or concerns you may have.

Sincerely,
Kristie Gendron
United Collection Bureau, Inc.

This is an attempt to collect a debt by United Collection Bureau, Inc., a debt collector, and any information obtained will be used for that purpose.

If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application.

**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

PO BOX 1418
MAUMEE OH 43537

ADDRESS SERVICE REQUESTED

PLEASE RETURN THIS PORTION WITH PAYMENT. DO NOT ATTACH CHECK TO STUB.

| | |
|---|---|
| Current Creditor: | Chase Bank USA, N.A. |
| Last Four Digits of Creditor Account Number: | 7718 |
| United Collection Bureau, Inc. Reference No: | 68 |
| Current Account Balance: | $587.71 |
| United Collection Bureau, Inc. Telephone No: | 1-800-210-0453 |

December 7, 2015

━━━REMIT TO:━━━

UNITED COLLECTION BUREAU, INC.
PO BOX 1418
MAUMEE OH 43537

CHAIM CIPER
1565 45TH ST
BROOKLYN NY 11219-1629



5620 SOUTHWYCK BLVD SUITE 206
TOLEDO OH 43614
www.ucbinc.com

Toll Free: 1-800-210-0453

CHAIM CIPER
1565 45TH ST
BROOKLYN NY 11219-1629

Current Creditor:                              Chase Bank USA, N.A.
Last Four Digits of Creditor Account Number:    7718
United Collection Bureau, Inc. Reference Number:    968
Current Account Balance:                    $587.71

Dear CHAIM CIPER:

The above referenced debt has been placed with our office by Chase Bank USA, N.A. for collection. The full balance is due. However, in the event you meet the terms of one of the three offers below, on behalf of Chase Bank USA, N.A., United Collection Bureau, Inc. will accept a settlement for less than the amount you owe.

1.        Settlement Offer Number 4652290 - Single Payment Offer.
          Total Settlement Amount $264.47.

United Collection Bureau, Inc. will accept the settlement amount stated for Settlement Offer Number 4652290 in the event that payment for the full settlement amount of $264.47 is received by January 22, 2016. This settlement offer will save you the sum of $323.24. We are not obligated to renew this offer.

2.        Settlement Offer Number 4652291 - Multiple Payment Offer Over two months.
          Total Settlement Amount $293.86.

United Collection Bureau, Inc. will accept the settlement amount stated for Settlement Offer Number 4652291 in the event that you pay $146.93 by the 22nd of this month, and pay one additional payment of $146.93 by the 22nd calendar day of next month. This settlement offer will save you the sum of $293.85. We are not obligated to renew this offer.

3.        Settlement Offer Number 4652292 - Multiple Payment Offer Over eighteen months.
          Total Settlement Amount $323.24.

United Collection Bureau, Inc. will accept the settlement amount stated for Settlement Offer Number 4652292 in the event you pay $17.92 by the 22nd of this month, and pay seventeen additional payments of $17.96 by the 22nd calendar day of each of the next seventeen months. This settlement offer will save you the sum of $264.47. We are not obligated to renew this offer.

If you wish to accept any of these offers, please contact our office to establish a payment method and date, or dates, or mail a copy of this letter together with your payment, or payments, to the below payment address. If you choose to mail your payment or payments, please ensure you write the 7 digit settlement offer number for the offer you have chosen and your reference number, 968, on the memo line of your payment instrument or instruments. You may pay any offered settlement on an accelerated basis. All offers are contingent upon clearance of funds.

In the event that you are unable to accept any of these offers, we encourage you to contact our office to establish a payment arrangement toward the full balance of the account. Thank you for your cooperation and prompt attention to this matter.

To make an easy one-time payment online, please go to: www.ucbinc.com, click on 'Make a Payment,' and follow the prompts.

*Please contact the undersigned with respect to any questions or concerns you may have.*

Sincerely,
Kristie Gendron
United Collection Bureau, Inc.

This is an attempt to collect a debt by United Collection Bureau, Inc., a debt collector, and any information obtained will be used for that purpose.

If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application.

**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

24CU900053JSIFM

PO BOX 1418
MAUMEE OH 43537

ADDRESS SERVICE REQUESTED

*PLEASE RETURN THIS PORTION WITH PAYMENT. DO NOT ATTACH CHECK TO STUB.*

Current Creditor:                        Chase Bank USA, N.A.
Last Four Digits of Creditor Account Number:      7718
United Collection Bureau, Inc. Reference No:      968
Current Account Balance:                    $587.71
United Collection Bureau, Inc. Telephone No:    1-800-210-0453



REMIT TO:

January 12, 2016

UNITED COLLECTION BUREAU, INC.
PO BOX 1418
MAUMEE OH 43537

CHAIM CIPER
1565 45TH ST
BROOKLYN NY 11219-1629